IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **10-cv-2129-AP**

**WILDEARTH GUARDIANS,**

      Plaintiff,

v.

**KEN SALAZAR, in his official capacity as
United States Secretary of the Interior,**

      Defendant.

      and

**NEW MEXICO OIL AND GAS ASSOCIATION; NEW MEXICO CATTLE GROWERS
ASSOCIATION; and INDEPENDENT PETROLEUM ASSOCIATION OF NEW
MEXICO,**

      Proposed Intervenor-Defendants

---

## MEMORANDUM OPINION AND ORDER

Kane, J.

On August 31, 2010, WildEarth Guardians filed a petition challenging Secretary of the Interior Ken Salazar's November 9, 2009 determination that the Lesser Prairie-Chicken, *Tympanuchus pallidicinctus*, warrants listing under the Endangered Species Act ("ESA"), but that the immediate proposal and timely promulgation of a final rule listing the species "is precluded by pending proposals."[1] *See* 16 U.S.C. § 1533(b)(3)(B)(iii).  WildEarth Guardians

---

[1] Under the ESA, once the Secretary determines that there is "substantial scientific or commercial information indicating that [listing] may be warranted," he must commence a thorough status review of the species.  16 U.S.C. § 1533(b)(3)(A).  Upon completion of that review, he must make a determination as to whether listing the species as threatened or

claims that the Secretary's actions violate the ESA and are therefore arbitrary, capricious, and contrary to law within the meaning of the Administrative Procedure Act. 5 U.S.C. § 701-706. WildEarth Guardians seeks an injunction vacating the Secretary's "warranted, but precluded" finding and requiring Secretary Salazar to issue a new finding for the Lesser-Prairie Chicken.[2]

On October 18, 2010, the New Mexico Oil and Gas Association ("NMOGA"), New Mexico Cattle Growers Association ("NMCGA"), and Independent Petroleum Association of New Mexico ("IPANM") (collectively "interested parties") filed a Motion to Intervene (doc. 7) pursuant to either Fed. R. Civ. P. 24(a)(2) (allowing intervention as a matter of right) or Fed. R. Civ. P. 24(b)(1)(B) (allowing permissive intervention). Having carefully considered the Motion, the responses to it filed by Plaintiff and the Federal Defendants, the interested parties' Reply, and all applicable legal authorities, and being fully advised in the

---

endangered is "warranted," "not warranted," or "warranted, but precluded." *Id.* at § 1533(b)(3)(B). To make a "warranted, but precluded" finding under the ESA, the Secretary must determine that:

> (I) the immediate proposal and timely promulgation of a final regulation implementing the petitioner action . . . is precluded by pending proposals to determine whether any species is an endangered species or a threatened species; and
> (II) expeditious progress is being made to add qualified species to either of the lists [of threatened or endangered species] and to remove from such lists species for which the protections of [the Endangered Species Act] are no longer necessary."

16 U.S.C. §§ 1533(b)(3)(B)(iii)(I) and (II). WildEarth Guardians argues that the Secretary's finding that listing of the Lesser Prairie-Chicken is "warranted, but precluded" fails on both counts.

[2] Significantly, as WildEarth Guardians repeatedly emphasizes, it is not seeking to force the Secretary to reach a pre-determined result (i.e., listing the Lesser-Prairie Chicken). It merely seeks to require the Secretary to comply with applicable law.

2

premises, the Motion is GRANTED.

## INTERVENTION AS A MATTER OF RIGHT

In order to intervene as a matter of right, the interested parties must file a timely motion establishing that: "(1) [they] claim[] an interest relating to the property or transaction that is the subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede [their] interest; and (3) the existing parties do not adequately represent [their] interest." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010). WildEarth Guardians opposes intervention as a matter of right, arguing that the interested parties have failed to show either that their interest will be impaired by the disposition of this action or that their interests will not be adequately represented by the Federal Defendants.[3]

*Interest in the Secretary's Decision*

The requirement that a party have an interest in the property or transaction that is subject of the action is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d at 1198. In recent cases, the Tenth Circuit has found sufficient a party's interest in preserving a wildlife management plan developed in coordination with the National Park Service and adopted pursuant to the APA, *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192; a party's interest in the ongoing operations of a permitted coal mine, *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992 (10th Cir. 2009); and a party's interest in the continued existence of a designated national monument, *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246 (10th Cir. 2001).

---

[3] WildEarth Guardians concedes that the interested parties' motion is timely.

3

In this case, the interested parties assert that they have a substantial economic interest in the outcome of WildEarth Guardians' challenge to the Secretary's finding that listing of the Lesser Prairie-Chicken is "warranted, but precluded." Specifically, NMOGA and IPANM members assert that they own numerous oil and gas leases in potential Lesser Prairie Chicken habitat, and NMCGA members argue they hold livestock grazing permits which may be impacted by listing of the Lesser Prairie-Chicken.[4] WildEarth Guardians argues that the interested parties have failed to establish an adequate interest. Specifically, they argue that the alleged interest is "irrelevant to the actual 'transaction that is the subject of the action.'" Brief in Opposition (doc. 15) at 10.

It is, however, important to note that, "[t]he interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether the interest the intervenor claims is related to the property that is the subject of the action." *Utah Ass'n of Counties* 255 F.3d at 1252. The economic interest asserted by the interested parties is sufficient to establish an interest in the property that would be the subject of any listing decision (Lesser Prairie-Chicken habitat in New Mexico). *See WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d at 996 ("The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest"); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1116, 1115 (10th Cir. 2002). Accordingly, the interested parties have established a sufficient

---

[4] WildEarth Guardians argues that the interested parties have failed to provide the identification of any members who actually own an interest in potential Lesser Prairie-Chicken habitat or the specific locations of any alleged ownership interests. The chief officers of each of the interested parties has, however, submitted an affidavit testifying that their respective members own valuable oil and gas grazing interests in Lesser Prairie Chicken habitat in New Mexico. These affidavits are sufficient for purposes of establishing an interest under Rule 24.

interest for purposes of Rule 24.

*Impairment of Interest*

Although the interested parties have sufficiently demonstrated an interest in the listing of the Lesser Prairie-Chicken, they must also show that the disposition of WildEarth Guardians' petition for review "may, as a practical matter, impair or impede [their] interest." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d at 1198. This burden is, however, minimal. The interested parties need only show "that impairment of [their] substantial legal interest is possible if intervention is denied." *Id.* at 1199. Furthermore, "impairment . . . need not be of a strictly legal nature;" I "may consider any significant legal effect in the [interested parties'] interest and [am] not restricted to a rigid *res judicata* test." *Coalition of Arizona/New Mexico Counties v. Dept. of the Interior*, 100 F.3d 837, 844 (10th Cir. 1996).

The interested parties argue that disposition of WildEarth Guardians' petition "would both directly and as a practical matter impair or impede [their] interests." Brief in Support of Motion to Intervene (doc. 8) at 9. Specifically, they assert that if WildEarth Guardians were successful in its action, then listing of the Lesser Prairie-Chicken would be highly likely. According to the interested parties, such listing "would impose additional restrictions on oil and gas leasing and development activities and on grazing such as prohibiting 'taking' lesser prairie chickens under Section 9 of the Endangered Species Act and imposing additional consultation requirements under Section 7." *Id.* Most salient, the interested parties argue these management changes would likely result in substantial delays and potentially cause the loss of their ability to exercise their vested rights in their oil and gas leases and grazing permits. *Id.*

WildEarth Guardians disputes whether the interested parties' asserted interest would

possibly be impaired by the disposition of its petition for review. Significantly, according to WildEarth Guardians, "the present case does not seek to list the Chicken, but only to end over a decade [sic] governmental delay in resolving the ESA status of the species." Brief in Opposition to Motion to Intervene (doc. 15) at 11. WildEarth Guardians argues that the alleged impairment is too speculative to justify intervention.[5] It asserts that the only interest that could be impaired by the outcome of the present action (the benefit derived from governmental delay in resolving the ESA listing status of the Lesser Prairie-Chicken) is not legally recognizable. Furthermore, WildEarth Guardians argues that the interested parties "can adequately protect their interests by challenging any final agency action that could result if the present lawsuit is successful in ending FWS's continued delay in taking final administrative action." *Id.*

WildEarth Guardians' argument is persuasive. As the interested parties acknowledge, WildEarth Guardians only seeks "declaratory relief that the [Fish and Wildlife Service's] warranted but precluded decision is unlawful and injunctive relief requiring the [Fish and Wildlife Service] to withdraw its warranted but precluded finding and to issue a new finding for the lesser prairie chicken." Brief in Support of Motion to Intervene (doc. 7) at 2. They do not seek any relief which would lead directly to the listing of the Lesser Prairie-Chicken. Instead, "the potential listing of the Lesser Prairie-Chicken . . . is at least two steps removed from the

---

[5] As supporting authority, WildEarth Guardians cites a Memorandum Opinion from the D.C. District finding parties lacked standing to intervene where they failed to plead a legally cognizable interest. *See In Re Endangered Species Section 4 Deadline Litigation* (Misc. Action No. 10-377 (EGS); MDL Docket No. 2165) (D.D.C. 2010). I find this case readily distinguishable and unpersuasive. Unlike the D.C. Circuit, the Tenth Circuit does not require that a party establish standing in order to intervene under Rule 24. The "interest" requirements under Rule 24 and Article III standing are not interchangeable.

outcome of this lawsuit." Brief in Opposition to Motion to Intervene (doc. 15) at 3.[6] If, on remand, the Fish and Wildlife Service were to determine that listing of the Lesser Prairie-Chicken is not precluded, the interested parties would be able to participate in the administrative process relating to the listing of the species.

Notably, however, the Tenth Circuit recently rejected an argument that there is no impairment of an interest when the only possible result is remand to an agency for additional decisionmaking. *See WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d at 1196, 1199-1202. According to the Tenth Circuit, "the interest of a prospective defendant-intervenor may be impaired where a decision in the plaintiff's favor would return the issue to the administrative decision-making process, notwithstanding the prospective intervenor's ability to participate" in the new administrative process. *Id.* at 1199 (citing *Utah Ass'n of Counties*, 255 F.3d at 1254).

Notwithstanding this seemingly controlling statement of the law, *WildEarth Guardians v. Nat'l Park Serv.* is readily distinguishable. In that case, the Plaintiffs sought a declaration that "culling" of elk herds in Rocky Mountain National Park amounted to "hunting," which was prohibited under the National Park Service's Organic Act. *Id.* at 1197. This relief would have significantly limited the discretion of the agency, both on remand and in other management decisions.[7] In the instant case, Plaintiff's sought after relief would have no such effect. Other

---

[6] First, the decision would be remanded to the Fish and Wildlife Service to determine anew whether the listing of the Lesser Prairie-Chicken is warranted, or warranted but precluded. Even if the Fish and Wildlife Service determined that listing was warranted and not precluded, the actual listing of the Lesser Prairie-Chicken would require an extensive administrative decisionmaking process replete with the opportunity for public comment and participation.

[7] Specifically, the Plaintiffs sought declaratory and injunctive relief precluding the National Park Service from adopting the interested parties' preferred alternative and declaring that alternative illegal under the National Park Service's Organic Act. *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d at 1201.

than existing limitations requiring the Fish and Wildlife Service reasonably to act within the confines of governing law, the agency's authority on remand would be unbridled.

The other Tenth Circuit case addressing this issue, *Utah Ass'n of Counties v. Clinton*, is also distinguishable. The Plaintiffs in *Utah Ass'n of Counties* sought a declaration that President Clinton's designation of the Grand Staircase-Escalante National Monument was illegal. 255 F.3d at 1248-49. If successful, upon remand the government would have been required to develop a new land use plan. Although the would-be intervenors would be able to participate in the administrative process relating to the formulation of that plan, the Tenth Circuit found their interests to be sufficiently impaired for purposes of Rule 24. *Id.* at 1253-54. In finding participation in that prospective administrative process inadequate, the Tenth Circuit noted that formulation of the revised land use plan "would not provide the level of protection to the intervenors' interest that the current plan offers." *Id.* at 1254. Unlike that case, WildEarth Guardians is not seeking relief which would force the agency to implement a process which would be guaranteed to have a substantively different result. WildEarth Guardians merely seeks to force the Fish and Wildlife Service to apply properly the same process used in reaching the challenged decision in accordance with governing law.

Although these cases are distinguishable and WildEarth Guardians' argument is persuasive, the Tenth Circuit has taken a very liberal approach on the issue of intervention. I think this is a close call. I could conceivably deny the Motion to Intervene on this "prong," but in all honesty I think it likely that, on appeal, the Tenth Circuit would find sufficient impairment to justify intervention in this case and overturn.

*Adequacy of Representation*

In order to establish that the Federal Defendant does not adequately represent their interest, the interested parties need only show "the possibility that representation may be inadequate." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d at 1200. "Representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties." *Coalition of Arizona/New Mexico Counties*, 100 F.3d at 845. It is, however, "'on its face impossible' for a government agency to carry the task of protecting the pubic's interests and the private interests of a prospective intervenor." *WildEarth Guardians v. Nat'l Park* Serv., 604 F.3d at 1200.

WildEarth Guardians argues that the interests of the Federal Defendants and the interested parties are perfectly aligned. Although acknowledging that at the listing phase the interests of the Federal Defendants and the interested parties may diverge, WildEarth Guardians emphasizes that the listing of the Lesser Prairie-Chicken is not at issue here. Instead, it argues that the interested parties and the Federal Defendants share identical interests in that which is at issue in this case, "the continued bureaucratic delay by [the Fish and Wildlife Service] in resolving the Chicken's ESA listing status." Brief in Opposition (doc. 15) at 17. The interested parties counter, noting that "the Federal Defendant must protect the broader public interest while Interest Owners seek to protect their members' economic interests and conservation efforts devoted to avoiding the need to list the [Lesser Prairie Chicken]." Reply Brief in Support of Motion to Intervene (doc. 17) at 8.

At this point we do not know what decision the Defendant would reach on remand; the purpose of this lawsuit is merely to prod the Defendant into making a new finding regarding

whether listing of the Lesser-Prairie Chicken is warranted.  Equally obvious, the interested parties want a specific result, no listed chickens – a result which will for the time-being be achieved should the Defendant successfully defend against WildEarth Guardians' challenge.  Once again, WildEarth Guardians' argument is persuasive.  In light of the Tenth Circuit's strong language regarding adequacy of representation in cases involving a government party and the low burden required of the interested parties, however, the interested parties have met their burden of showing a divergence of interests.

## SCOPE OF INTERVENTION

In light of this discussion and the Tenth Circuit's permissive and liberal interpretation of Rule 24, I allow intervention in this case.  I need not, however, allow the interested parties to intervene without limitation.  Rule 24(a)(2)'s "reference to practical consideration in determining whether an applicant can intervene implies that those same considerations can justify limitations on the scope of intervention."  *San Juan County*, 503 F.3d at 1189.  "[I]ntervention of right under the amended rule may be subject to appropriate considerations or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."  *Id.* (quoting Fed. R. Civ. P. 24 Advisory Committee Notes (1966 Amendment).

WildEarth Guardians urges me to limit the interested parties' intervention to the claims presented in their Petition for Review – namely, whether the listing of the Lesser Prairie-Chicken is "precluded" under the standards of the ESA.  It also asks that the interested parties "be precluded from seeking any discovery not sought by [the named parties], should be required to file any substantive briefs contemporaneously with the Federal Defendant, and should not be allowed to engage in any motion practice, not originated by [the named parties]."  The interested

parties respond that such limitations would be premature and speculative at this point in the litigation.

At this stage of the litigation, there appears to be significant acrimony between the Plaintiffs and the interested parties (or perhaps, more accurately, between their attorneys). Although I will not specifically limit the interested parties' participation in this matter, I admonish the litigants and intervenors of their duties to act with respect and decorum for each other and the court.  Discussion of irrelevant issues and unnecessary sniping between the parties will not aid a fair and timely disposition of this matter.  The intervenors will be able to add meaningfully to the discussion and argument, but their participation shall by channeled so as to avoid unnecessary provocation, irrelevant arguments, and incivility.  Should the contrary occur, it will not be a shoe that drops, it will be an anvil.

The Motion to Intervene is GRANTED.


Dated: January 3, 2011                                          BY THE COURT:

                                                            **/s/ John L. Kane**
                                                            SENIOR U.S. DISTRICT JUDGE